OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 19, 2001

The Honorable David Sibley
Chair, Business and Commerce Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0424

Re: Whether a property owner's right of access under section 25.195 of the Tax Code to information prepared by a private appraisal firm and used by the appraisal district to establish the taxable appraised value of the owner's property is limited by section 25.01(c) of the Tax Code, and related questions (RQ-0385-JC)

Dear Senator Sibley:

You ask about a property owner's right of access under section 25.195 of the Tax Code to information prepared by a private appraisal firm and used by the appraisal district to establish the taxable appraised value of the owner's property. We conclude that under section 25.195(a), a property owner has a right of access to information about his property prepared by a private appraisal firm and obtained by the appraisal district from the appraisal firm pursuant to section 25.01(c) of the Tax Code. In addition, section 25.195(c), a provision recently enacted by Senate Bill 1737, gives a property owner access to information in the possession of a private appraisal firm that may not be in the possession of the appraisal district. Finally, we conclude that neither section 39.001 of the Utilities Code nor any other provision enacted in the 1999 legislation deregulating the electric utility industry affects a property owner's right of access to appraisal information under section 25.195 of the Tax Code.

Before answering your specific questions, we briefly review the statutes governing appraisal districts' use of private appraisal firms and property owners' right of access to appraisal information. Section 25.01(b) of the Tax Code authorizes an appraisal district to "contract with a private appraisal firm to perform appraisal services for the district." TEX. TAX CODE ANN. § 25.01(b) (Vernon 1992). Subsection (c) provides that such a contract "is invalid if it does not provide that copies of the appraisal, together with supporting data, must be made available to the appraisal district and such appraisals and supporting data shall be public records." Id. § 25.01(c). It also provides, however, that the term "supporting data" "shall not be construed to include personal notes, correspondence, working papers, thought processes, or any other matters of a privileged or proprietary nature." Id.

While section 25.01(c) provides that certain information used or created by an appraisal firm must be made available to the appraisal district and deems that information public, section 25.195 of the Tax Code addresses a property owner's right of access to information relating to the appraisal of his or her property. This right of access is separate and apart from the public's right of access. Significantly, section 25.195 was substantially amended in the last legislative session in Senate Bill 1737. *See* Act of May 11, 2001, 77th Leg., R.S., ch. 372, 2001 Tex. Sess. Law Serv. 644. As that bill became effective on May 26, 2001, *see id.* § 2, we address section 25.195 as amended.

Subsections (a) and (b) of section 25.195 address a property owner's right of access to information in the possession of the appraisal district while the remaining, wholly new subsections address a property owner's right of access to information in the possession of an appraisal firm. Section 25.195(a) provides as follows:

> (a) After the chief appraiser has submitted the appraisal records to the appraisal review board as provided by Section 25.22(a), a property owner or the owner's designated agent *is entitled to* inspect *and copy* the appraisal records relating to property of the property owner, together with supporting data, schedules, and, except as provided by Subsection (b), any other material or information held by the chief appraiser *or required by Section 25.01(c) to be provided to the appraisal district under a contract for appraisal services,* including material or information obtained under Section 22.27, that is obtained or used in making appraisals for the appraisal records relating to that property.

TEX. TAX CODE § 25.195(a), *as amended by* Tex. S.B. 1737, 77th Leg., R.S. (2001) (emphasis added). Senate Bill 1737 added the italicized language. That bill did not amend subsection (b) of section 25.195, which provides as follows:

> (b) The owner of property other than vacant land or real property used for residential purposes or the owner's agent may not inspect any material or information obtained under Section 22.27.

TEX. TAX CODE ANN. § 25.195(b) (Vernon Supp. 2001).

Section 22.27 of the Tax Code, referred to in the above provisions, makes confidential and provides for the limited release of information provided by property owners to an appraisal district:

> [r]endition statements, real and personal property reports, attachments to those statements and reports, and other information the owner of property provides to the appraisal office in connection with the

> appraisal of the property, including income and expense information related to a property filed with an appraisal office and information voluntarily disclosed to an appraisal office or the comptroller about real or personal property sales prices after a promise it will be held confidential . . . .

*Id.* § 22.27(a). Section 22.27 specifically authorizes the release of this information "to the person who filed the statement or report or the owner of property subject to the statement, report, or information or to a representative of either authorized in writing to receive the information." *Id.* § 22.27(b)(2). Thus, a property owner may always obtain information that he or she has provided to the appraisal district or information about his or her property.

Over ten years ago, this office construed section 25.195 and section 22.27 to give a property owner a special right of access to information filed by others and made confidential under section 22.27 that is used to appraise the property owner's property. *See* Tex. Att'y Gen. ORD Nos. 550 (1990) at 8; 500 (1988) at 9. In 1997, however, the legislature amended section 25.195 to include the express reference to section 22.27 in subsection (a) of section 25.195 and to add subsection (b). *See* Act of June 1, 1997, 75th Leg., R.S., ch. 1039, § 25, 1997 Tex. Gen. Laws 3897, 3910. The effect of these amendments appears to have been to limit the right of access to information filed by others and made confidential under section 22.27 to owners of vacant land and residential real property, thus precluding owners of real property used for commercial purposes from obtaining such information. *See* TEX. TAX CODE ANN. § 25.195(b) (Vernon Supp. 2001) ("The owner of property other than vacant land or real property used for residential purposes or the owner's agent may not inspect any material or information obtained under Section 22.27.").

Unlike subsections (a) and (b) of section 25.195, which address access to information in the possession of an appraisal district, subsections (c) through (e), newly added by Senate Bill 1737, address access to information held by a private appraisal firm. Subsections (c) and (d) provide as follows:

> (c) A property owner or the designated agent of an owner whose property is appraised by a private appraisal firm under a contract for appraisal services with an appraisal district is entitled to inspect and copy, *at the office of that firm*, all information pertaining to the property that the firm considered in appraising the property, including information showing each method of appraisal used to determine the value of the property and all calculations, personal notes, correspondence, and working papers used in appraising the property. This subsection does not apply to information made confidential by Section 22.27, except that the property owner or agent

is entitled to inspect and copy any information relating to the owner's property, including otherwise confidential information.

(d) *The appraisal firm shall make information* covered by Subsection (c) available for inspection and copying by the owner or agent not later than the 15th day after the date the owner or agent delivers a written request to inspect the information, unless the owner or agent agrees in writing to a later date.

TEX. TAX CODE § 25.195(c), (d), *as added by* Tex. S.B. 1737, 77th Leg., R.S. (2001) (emphasis added). Under subsection (e), if an appraisal firm has not made the information available for inspection and copying, the appraisal review board may not conduct a hearing on the merits of any claim relating to the property and may not approve the appraisal records relating to that property. *See id.* § 25.195(e).

With this background, we turn to your questions, which involve, in your words "[a] private appraisal firm that does a substantial amount of business with appraisal districts in Texas."[1] You explain that this firm is "refusing to provide complete appraisals of electric utility property to the appraisal districts that it serves, providing instead a summary of the conclusions reached in the appraisals and the major economic assumptions used to arrive at the results." Request Letter, *supra* note 1. Apparently, "[t]he owners of electric utility property in appraisal districts served by this firm have been denied access to the appraisals of their property performed by the firm, despite the fact that the results of those appraisals are relied on by the appraisal districts in setting the appraised value of their property on the district appraisal roles for ad valorem tax purposes." *Id.*

You ask the following questions about the Tax Code provisions governing access to appraisal information:

Is a property owner's access to appraisal information regarding the owner's property, as set forth in Section 25.195(a) of the Tax Code, circumscribed by Section 25.01(c) of the Tax Code which governs what information must be made available by a private appraisal firm to an appraisal district and which limits what constitutes supporting data?

Is a property owner entitled to copies of all appraisal material and information regarding the owner's property pursuant to Section 25.195(a) of the Tax Code?

---

[1]Letter from Honorable David Sibley, Texas State Senator, to Honorable John Cornyn, Texas Attorney General, at 1 (May 17, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

*Id.* at 3. You suggest that the appraisal firm defends its refusal to provide information on the grounds that a property owner's right of access to information concerning the appraisal of the owner's property is circumscribed by the definition of "supporting data" in section 25.01(c) of the Tax Code. *See id.* at 2.

Under section 25.195 of the Tax Code as amended by Senate Bill 1737, a property owner has a right of access to information used to appraise the owner's property in the possession of the appraisal district *and* in the possession of the private appraisal firm. As we will explain, the latter type of access makes available to a property owner an array of information, including information that the private appraisal firm is not required to provide to the appraisal district under section 25.01(c).

Again, a property owner's right of access to information in the possession of the appraisal district is governed by subsections (a) and (b) of section 25.195. Under subsection (a), an owner of utility property would be entitled to "appraisal records relating to property of the property owner, together with supporting data, schedules, and . . . any other material or information held by the chief appraiser or required by Section 25.01(c) to be provided to the appraisal district under a contract for appraisal services . . . ." TEX. TAX CODE § 25.195(a), *as amended by* Tex. S.B. 1737, 77th Leg., R.S. (2001). Given that you ask about property owned by an electric utility, we assume that the property at issue is neither vacant nor used for residential purposes. Therefore, subsection (b) would limit the property owner's right of access to information obtained under section 22.27, *see* TEX. TAX CODE ANN. § 25.195(b) (Vernon Supp. 2001), except for information to which section 22.27(b)(2) provides the utility a special right of access, *see id.* § 22.27(b)(2) (authorizing the release of confidential information "to the person who filed the statement or report or the owner of property subject to the statement, report, or information or to a representative of either authorized in writing to receive the information").

In answer to your question about the relationship between section 25.195(a) and section 25.01(c), the recent Senate Bill 1737 amendment to subsection (a) makes it quite clear that a property owner is entitled to information prepared by a private appraisal firm "required by Section 25.01(c) to be provided to the appraisal district under a contract for appraisal services." TEX. TAX CODE § 25.195(a), *as amended by* Tex. S.B. 1737, 77th Leg., R.S. (2001). As noted above, section 25.01(c) provides that an appraisal district is entitled to receive from a private appraisal firm with which it contracts "copies of the appraisal, together with supporting data," TEX. TAX CODE ANN. § 25.01(c) (Vernon 1992), but expressly excludes "personal notes, correspondence, working papers, thought processes, or any other matters of a privileged or proprietary nature," *id.*, from the scope of "supporting data." Therefore, information that a private appraisal firm is not required to provide to the appraisal district under section 25.01(c), such as "personal notes, correspondence, working papers, thought processes, or any other matters of a privileged or proprietary nature," and that the firm has not provided to the appraisal district, does not fall within the scope of a property owner's right of access under section 25.195(a).

Importantly, however, Senate Bill 1737's addition of subsections (c) and (d) to section 25.195, which gives property owners a new right of access to information in the possession of a private appraisal firm, also expands the type of information to which a property owner has access. Under subsection (c), a property owner has a right of access to "all information pertaining to the property that the firm considered in appraising the property, including information showing each method of appraisal used to determine the value of the property *and all calculations, personal notes, correspondence, and working papers* used in appraising the property." TEX. TAX CODE § 25.195(c), *as enacted by* Tex. S.B. 1737, 77th Leg., R.S. (2001) (emphasis added). In addition, a property owner also has a right to inspect and copy information made confidential under section 22.27 "relating to the owner's property." *Id.*

Thus, in answer to your questions about the Tax Code, a property owner's right of access to information in the possession of an appraisal district under section 25.195(a) may be limited by section 25.01(c) to the extent section 25.01(c) specifies information a private appraisal firm is not required to give the appraisal district, namely "personal notes, correspondence, working papers, thought processes, or any other matters of a privileged or proprietary nature," TEX. TAX CODE ANN. § 25.01(c) (Vernon 1992), because this information may not be in the possession of the appraisal district. Recently enacted subsections (c) and (d) of section 25.195, however, give a property owner a right of access to information in the possession of a private appraisal firm that the firm used to appraise the owner's property, including "calculations, personal notes, correspondence, and working papers." TEX. TAX CODE § 25.195(c), (d), *as enacted by* Tex. S.B. 1737, 77th Leg., R.S. (2001). This provision gives a property owner access to information that may not be in the possession of the appraisal district.

Finally, we address your question about the implications of 1999 electric utility deregulation legislation for the right of access to information used to appraise electric utility property. You state that the appraisal firm at issue also "defends its refusal to give complete appraisals of electric utility property to the appraisal districts that it contracts with on the grounds that Senate Bill 7, enacted by the 76th Legislature in 1999 to restructure the electric utility industry, requires that it protect 'competitively sensitive information,' and that it is doing so by withholding the complete appraisals from the appraisal districts and from property owners." Request Letter, *supra* note 1, at 2. For this reason, you ask whether section 39.001 of the Utilities Code, or any other Senate Bill 7 provision, modifies the Tax Code provisions on a property owner's right of access to appraisal information. *See id.* at 3. We conclude that nothing in Senate Bill 7 affects a property owner's right of access to appraisal information under section 25.195 of the Tax Code.

The Seventy-sixth Legislature enacted numerous provisions to deregulate the electric utility industry and open it to competitive pricing in Senate Bill 7. *See* Act of May 27, 1999, 76th Leg., R.S., ch. 405, 1999 Tex. Gen. Laws 2543. The provision you mention, section 39.001 of the Utilities Code, states that the legislature finds that it is in the public interest to "protect the competitive process in a manner that ensures the confidentiality of competitively sensitive information during

the transition to a competitive market and after the commencement of customer choice." TEX. UTIL. CODE ANN. § 39.001(b)(4) (Vernon Supp. 2001). Section 39.001 is a multi-part, introductory provision declaring the legislature's policy and purpose with respect to restructuring the electric utility industry. Its finding about confidentiality does not make any specific information confidential; rather, the finding explains the purpose of specific confidentiality provisions that follow in chapter 39 of the Utilities Code and that require the Public Utility Commission (the "PUC") to keep confidential information collected for certain purposes. For example, section 39.155 of the Utility Code requires the PUC to collect information on utilities' generating capacity and sales in order to assess their market power. It specifically provides that the PUC "shall by rule prescribe the nature and detail of the reporting requirements and shall administer those reporting requirements in a manner that ensures the confidentiality of competitively sensitive information." *Id.* § 39.155(a). Section 39.351 requires power generation companies to register with the PUC and authorizes the PUC to require registrants to file information "provided that in requiring that information the commission shall protect the competitive process in a manner that ensures the confidentiality of competitively sensitive information." *Id.* § 39.351(a)(4); *see also id.* § 39.352(f) (requiring the PUC to use information it collects in certifying retail electric providers "in a manner that ensures the confidentiality of competitively sensitive information"). None of these provisions apply to information collected or used by a private appraisal firm or appraisal district in conjunction with the appraisal of property.

Two other provisions enacted by Senate Bill 7 amend the Open Meetings and Public Information Acts to protect competitively sensitive information about electric utilities. Section 551.086 of the Government Code provides that the Open Meetings Act, chapter 551 of the Government Code, does not require the governing body of a public power utility to deliberate, vote or take final action on any competitive matter in an open meeting. *See* TEX. GOV'T CODE ANN. § 551.086(c) (Vernon Supp. 2001) ("This chapter does not require a public power utility governing body to conduct an open meeting to deliberate, vote, or take final action on any competitive matter, as that term is defined in Subsection (b)(3)."). This provision deals with public power utilities' meetings and does not address a property owner's access to appraisal information in the possession of a private appraisal firm or appraisal district.

Similarly, section 552.131 of the Government Code, recently renumbered as section 552.133,[2] provides a new exception to the Public Information Act's requirement that information be disclosed to the public for public power utility information and records reasonably related to a competitive matter. TEX. GOV'T CODE ANN. § 552.131(b) (Vernon Supp. 2001) ("Information or records are excepted from the requirements of Section 552.021 if the information or records are

---

[2]In a nonsubstantive correction of enacted codes, House Bill 2812 renumbered section 552.131 of the Government Code (as added by ch. 405, 76th Leg., R.S., 1999) as section 552.133. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1420, 2001 Tex. Sess. Law Serv., WL TX LEGIS 1420 (2001) (to be codified at TEX. GOV'T CODE ANN. § 552.133) (eff. Sept. 1, 2001).

reasonably related to a competitive matter, as defined in this section."). This provision appears to address information in the possession of a public power utility rather than information relating to a utility in the possession of a private appraisal firm or appraisal district. *See, e.g., id.* ("Information or records *of a municipally owned utility* that are reasonably related to a competitive matter are not subject to disclosure under this chapter, whether or not, under the Utilities Code, the municipally owned utility has adopted customer choice or serves in a multiply certificated service area. This section does not limit the right of *a public power utility governing body to withhold* from disclosure information deemed to be within the scope of any other exception provided for in this chapter, subject to the provisions of this chapter.") (emphasis added). Furthermore, it provides an exception to the public's right of access under the Public Information Act; it does not address a property owner's special right of access to information under section 25.195 of the Tax Code.

In sum, under section 25.195(a) of the Tax Code a property owner has a right of access to information about his property prepared by a private appraisal firm and obtained by the appraisal district from the appraisal firm pursuant to section 25.01(c) of the Tax Code. In addition, section 25.195(c) gives a property owner access to information in the possession of a private appraisal firm that may not be in the possession of the appraisal district. Neither section 39.001 of the Utilities Code nor any other provision enacted in the 1999 legislation deregulating the electric utility industry affects a property owner's right of access to appraisal information under section 25.195 of the Tax Code. Finally, we caution that this opinion discusses a property owner's right of access under section 25.195 as amended in general terms. We do not decide what information might be available to a property owner in a particular case.

## S U M M A R Y

Under section 25.195(a) of the Tax Code, a property owner has a right of access to information about his property prepared by a private appraisal firm and obtained by the appraisal district from the appraisal firm pursuant to section 25.01(c) of the Tax Code. In addition, section 25.195(c), a provision recently enacted by Senate Bill 1737, gives a property owner access to information in the possession of a private appraisal firm that may not be in the possession of the appraisal district.

Neither section 39.001 of the Utilities Code nor any other provision enacted by the Seventy-sixth Legislature in Senate Bill 7, legislation enacted in 1999 to deregulate the electric utility industry, affects a property owner's right of access to appraisal information under section 25.195 of the Tax Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee